UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BMO BANK N.A., <br><br>                          Plaintiff, <br>                -v- <br><br> PRATEEK GATTANI, <br><br>                          Defendant. | 24 Civ. 6897 (PAE) (HJR) <br><br> <u>OPINION & ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

This case was referred to the Hon. Henry J. Ricardo, United States Magistrate Judge, for a damages inquest after the Court entered default judgment as to liability against defendant Prateek Gattani. *See* Dkt. 19. Before the Court is Judge Ricardo's September 5, 2025 Report and Recommendation, recommending that the Court award plaintiff BMO Bank N.A. ("BMO"): (1) damages for breach of contract, plus fees, in the amount of $10,550,000, and (2) post-judgment interest pursuant to 28 U.S.C. § 1961. *See* Dkt. 30 ("the Report"). The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report's recommendations.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997). "To accept those portions of the report to which no timely objection has been made, a district court need

only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950, 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 2 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Ricardo's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report, which is incorporated by reference herein, is therefore adopted in its entirety. The parties' failure to file written objections, as noted in the Report, precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). The Court therefore declines to issue a certificate of appealability, and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in full and holds that BMO is entitled to collect from Gattani: (1) $10,550,000 in breach-of-contract damages plus fees, and (2) post-judgment interest on this judgment amount. The Clerk of Court is respectfully directed to mail a copy of this decision to BMO at the address on file, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 22, 2025
        New York, New York

2